Gregory Best, Pro per
P.O. Box 24152
Phoenix, AZ 85074
*602-487-9147*

1
2
3

FILED _____ LODGED
RECEIVED _____ COPY

MAR 2 5 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
For the
DISTRICT OF ARIZONA

4
5
6

| | |
|---|---|
| GREGORY BEST, Pro per, | CV-16-00839-PHX-NVW |
| Plaintiff, | Civil Action No.: |
| vs. | |
| STATE OF ARIZONA, MARK BRNOVICH, Attorney General, CITY OF PHOENIX, LORI BERKE, BERKE LAW FIRM PPLC; JODY CORBETT, STATE APPEALS COURT DIVISION II, JUDGE ESPINOSA, JUDGE MILLER, JUDGE ECKERSTROM, SUPERIOR COURT COUNTY OF MARICOPA, JUDGE FOSTER, JUDGE MARIA DEL MAR VERDIN, JUDGE DOUGLAS GERLACH, | COMPLAINT Civil Torts- including Breach of Stipulated Judgment, Fraud, Conspiracy, and others gleaned From the Averments |
| Defendants. | |

7
8
9
10
11
12
13
14
15
16
17
18
19

20

Plaintiff Gregory Best and for his Complaint against Defendants State Of

21
22

Arizona, Mark Brnovich, Attorney General, City Of Phoenix, Lori Berke, Berke

23

Law Firm PPLC, Jody Corbett, State Appeals Court Division II Judge Espinosa,

24

Judge Miller, Judge Eckerstrom, Superior Court County Of Maricopa Judge

25

George Foster, Judge Maria Del Mar Verdin, Judge Douglas Gerlach, hereby states and alleges as follows:

## **PARTIES**

1.     Plaintiff, GREGORY BEST, is an individual who is currently, and at all relevant times is a resident of Maricopa County, Arizona, and his causes of actions are based on events that occurred in Maricopa County.

2.     Upon information and belief, Defendant STATE OF ARIZONA, MARK BRNOVICH, is the Attorney General.

3.     Upon information and belief, Defendant JUDGE ESPINOSA is an Appeals Court Division II judge in the state of Arizona.

4.     Upon information and belief, Defendant JUDGE MILLER is an Appeals Court Division II judge in the state of Arizona.

5.     Upon information and belief, Defendant JUDGE ECKERSTROM, Appeals Court Division II judge in the state of Arizona.

6.     Upon information and belief, Defendant GEORGE H. FOSTER, JR is a judge in the Maricopa County Superior Court in the state of Arizona.

7.     Upon information and belief, Defendant MARIA DEL MAR VERDIN is a judge in the Maricopa County Superior Court in the state of Arizona.

8.     Upon information and belief, Defendant DOUGLAS GERLACH is a judge in the Maricopa County Superior Court in the state of Arizona.

9.   The actions taken as set forth in this document by Defendants were done, in part, for the purposes of furthering the interests of their employer, the State of Arizona and or the City of Phoenix.

10.   Upon information and belief, Defendant CITY OF PHOENIX is a legal entity doing business in the state of Arizona.

11.   The CITY OF PHEONIX is a governmental entity responsible for the operation and supervision of their employees, agents, and apparent agents.

12.   Upon information and belief, Defendant BERKE LAW FIRM PPLC is a company that employed Lori Berke and Jody Corbett and does business in Maricopa County.

13.   Upon information and belief, Defendant LORI BERKE is an attorney licensed in the state of Arizona, employed by the City of Phoenix and worked both as an agent of the City of Phoenix and as an undisclosed agent for the State of Arizona.

14.   Upon information and belief, Defendant JODY CORBETT is an attorney licensed in the state of Arizona, employed by the City of Phoenix, Berke Law Firm, and also worked as an undisclosed agent for the State of Arizona.

15.   The spouses of the Defendants are real persons whose true identities are presently unknown to Plaintiff.  The Plaintiff will amend as discovery warrants.

16. Plaintiff believes that at all times pertinent here to, the named Defendants were acting as duly authorized agents or servants of the other Defendants, or stand in some relationship to them, so as to impute liability upon them.

17. Plaintiff will amend the Complaint once the true relationships and roles of those parties as well unknown aiders become known.

## JURISDICTION AND VENUE

18. Plaintiff incorporates the allegations in paragraphs 1 through 17 above.

19. This Court has jurisdiction over this action pursuant to 28 U.S.C.§1332 (a)(1) because the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between a citizen and state employees and agencies.

20. This Court has jurisdiction over this action as it as it holds jurisdiction over state courts, state court employees, state agencies, state agency employees, and those who conspire with any or all of the aforesaid in violating individuals' rights.

21. Venue is proper in this Court because all events took place in Arizona in which this Arizona Federal District Court covers.

22. All Defendants are liable to the Plaintiff for their acts.

23. All employing Defendants are liable for the acts of their employees.

24. By conspiracy law, all Defendants are liable for each other's acts.

25.   Due to the extent of the Defendants aiding and abetting, undisclosed agreements between the parties and agencies, the Plaintiff reserves this right after full discovery to amend causes, damages, and reliefs.

## ALLEGATIONS

26.   Plaintiff incorporates the allegations in paragraphs 1 through 25 above.

27.   Initially the State brought wrongful prosecution against the Plaintiff based on City of Phoenix intentional and dishonest claims, causing him and his business damage. *CV2006-016293*

28.   The purpose for the wrongful prosecution was part of a conspiracy to destroy the Plaintiff's development business known to the City and State at the time.

29.   Their conspiracy to destroy the Plaintiff's business was to use unlawful acts and means to accomplish their goal of forcing the Plaintiff out of business.

30.   City and State officials had undisclosed personal interests for the properties that the Plaintiff had legal control over.

31.   The State was using the properties to obtain unjust grant moneys from the government.

32.   The City of Phoenix was falsely advertising requests for proposals to develop the land that they had no intention of having developed.

33.    The City of Phoenix, abused its position by misusing the State to break the Plaintiff's contracts and area control.

34.    The Plaintiff having proof that the allegations in CV2006-016293 were false, filed a lawsuit against the City and State for the wrongful institution of civil proceedings, abuse of process, negligence, civil rights, and RICO. *CV2009-005475*

35.    The State of Arizona, having control over State judges and unknown to the Plaintiff at the time, simply had the biased judges (Defendants) make decisions devoid of law, precedence and justice.

36.    The biased judges (Defendants) were used to delay or prevent and ultimately prevent the Plaintiff his right to the liability the City and State had caused.

37.    The biased judges (Defendants) were used to delay or prevent and ultimately prevent the Plaintiff his right to expose the lawless City and State officials.

38.    The City and State conspired to withhold material evidence of the Plaintiff's innocence until his land control was destroyed.

39.    After the City and State had achieved their unlawful destruction of the Plaintiff's business expectancies they offered him a right to proceed against parties that they had manipulated in breaking their deals with the Plaintiff.

40.    The State of Arizona and the Plaintiff negotiated and entered a contract in 2010. (Stipulated Judgment, Ex. A)  Hereafter referred to as the "Contract".

41. With that contract, the Plaintiff was promised the state would no longer interfere with the Plaintiff's rights to properties the City of Phoenix desired but the Plaintiff had exclusive rights to. The State of Arizona and the Plaintiff bound each other to that contract by signature.

42. The state of Arizona through the Attorney Generally at the time jointly, unconditionally, severally, absolutely, and irrevocably guaranteed Best obligations under the Stipulated Judgment, including without limitation, that Stipulated Judgment would not be used or have any affect on any other litigation".

43. Judge George Foster, Jr. at the time jointly, unconditionally, severally, absolutely, and irrevocably guaranteed Best obligations under the Stipulated Judgment.

44. In 2010 the Plaintiff entered a stipulated judgment with the state of Arizona (the "Contract"). The stipulated judgment was entered with the intent to not affect any litigation or dispute other than *CV 2006 -016293*.

45. Paragraph 6 of the Stipulated Judgment claimed:

> "This Stipulated Judgment is entered as a result of a compromise and settlement agreement between the parties. Except with respect to the contracts and properties as provided in paragraph 1 of the Court's Order, there are no intended third-party beneficiaries of this Stipulated Judgment, and it is not intended to have any affect on any litigation or dispute other than this case."

46.   The Plaintiff relied on the representations made by the state employees, representing the state of Arizona at a settlement conference, prior to and after agreeing to the Contract.

47.   The state, as mentioned above, had brought false claims against the Plaintiff in CV2006-016293 to impede legal cases the Plaintiff had filed to enforce his rights to properties that the state convinced the owners to not cooperate with.

48.   When the Contract between the state and the Plaintiff was conceived, the parties came to a clear understanding that no further lawsuits would be brought by the state against the Plaintiff and the Plaintiff would not be impeded in his rights to litigations from that date forward.

49.   The Contract, along with a court order, completely dismissed, with prejudice, all claims the State had made against the Plaintiff.

50.   The Plaintiff justifiably relied on the Contract that stated "it is not intended to have any affect on any litigation or dispute other than this case."

51.   After the Contract was entered all Defendants were made aware of its existence.

52.   After the Contract was entered, Judges that had allowed meritless stays allowed the Plaintiff to proceed with his claims against property owners, the State of Arizona and City of Phoenix entities and employees for multiple

civil causes of action which included abuse of process, wrongful institution of civil proceedings and even RICO claims. (*CV2011-009088, and others*)

53. The filed Complaint was to recover for over $72 Million in losses that were a consequence of the state, the city and other named Defendants wrongful actions and inactions described in *CV2011-009088*.

54. As a defense, the city, a third-party, induced and/or cooperated with the state to intentionally breach the Stipulated Judgment (the Contract) and associated Court Order.

55. The goal was to use that breach to prevent the Claimant his rights to proceed in *CV2011-009088*, directly contradicting the Contract's terms.

56. Unknown to the Claimant was the Attorney General's supreme power over State judges.

57. The State Attorney General's Office knew they had control over enough state judges to defraud the Claimant out of everything the State promised in writing he believed he was agreeing to. The State forgot to inform the Claimant of their fraud plan and control over judges. (a required disclosure)

58. The Judges forgot to mention they had a loyalty to the State that was above the oath they swore to.

59.  Knowing the State was on the hook for millions of dollars in damages with no viable defense, the Actors decided to break the Settlement Contract, most likely way before they ever offered it to Best.

60.  The rulings were clearly done with bias and were intentional sham rulings all to defraud the Claimant of his right to enforce his settlement the State created, offered, and was bound by.

61.  The Appeals Court clearly breached that duty based on bias and devoid of justice and duties, the judges joined the conspiracy to breach the Contract and defraud the Claimant.  (Ex. B, See Memorandum Decision 2 CA-CV 2014-0153)

62.  The Claimant now has evidence of the City, State, and Attorney General's Office, all along plan was to pretend the Settlement was legitimate, pretend the cases would be heard on their merits and without bias or interference from the City or State.

63.  The Defendants through discovery will be proven to have engaged and conspired in wrongful concealment of evidence, failure to follow and uphold Cannon Rules and rules of the Court.

64.  The Defendants through discovery will be proven to have engaged and conspired in ruling with bias.

65. To get away with the injustice, the Defendants would abuse the judicial process in part by preferring their rulings in multiple cases with "This decision does not create legal precedent and may not be cited except as authorized by applicable rules. Not for publication."

66. All Defendants had duties to the Plaintiff, duties to the Court, ethical duties to oversee each other and all chose to violate those duties.

67. The Defendants' violations of duties resulted in damages to the Plaintiff and his business in an amount to be proven at trial.

68. The actions taken by the Defendants violate the Covenant of Good Faith and Fair Dealing.

69. The actions taken by the Defendants were acts of bad faith.

70. The named Judges, with bias and being controlled by the State, claimed as a way to prevent the Plaintiff from proving claims and obtaining his damages claimed the Contract was not as it was agreed and written.

71. The Plaintiff and his business suffered damages as a result of the State and City breaking the Contract and the State courts refusing to enforce it in an amount to be proven at trial.

72. By their acts all Defendants tortuously interfered with the Contract between the Plaintiff and the State.

73. The breach of the Contract by the Defendants was calculated by evil minds and intended to aid and abet, the City of Phoenix, State of Arizona, and the named employees from having to defend *CV2011-009088* and *CV2009-005475* against the liability they caused.

74. The Breach was used to affect the litigation in *CV2011-009088*, a direct contradiction to the Contract the Plaintiff had with the state.

75. The misuse of the Contract was wrongfully permitted and adopted by the State and the State Judges. (Ex. C)

76. The rulings by Judge Verdin, Judge Gerlach, Judge Espinosa, Judge Miller, and Judge Eckerstrom are inconsistent with the contract's intention, written words, and promises used by the State to induce the Plaintiff into entering the contract.

77. The rulings by Judge Verdin, Judge Gerlach, Judge Espinosa, Judge Miller, and Judge Eckerstrom were used to aid and abet the tortious interference.

78. As a result of the breach of Contract and other acts described above, induced by Defendants City of Phoenix, Corbett and Berke, the Plaintiff has been damaged in an amount to be proven at trial.

79. In the alternative, the rulings by Judge Verdin, Judge Gerlach, Judge Espinosa, Judge Miller, and Judge Eckerstrom support the fact that the State,

through the Stipulated Judgment intended and did defraud the Plaintiff in entering the agreement with them.

80. The City of Phoenix is liable for its own actions and its attorney's actions.

81. The attorneys for the City of Phoenix (Corbett and Berke) are personally liable for their acts and breaches of duty owed the Plaintiff.

82. All Defendants are believed to have profited from doing their part in the conspiracy used to prevent the Plaintiff his right to justice.

## Fraud

83. Plaintiff incorporates the allegations in paragraphs 1 through 82 above.

84. The Plaintiff had a right to rely on the contract and the States representations at the time the contract was struck.

85. The Plaintiff was relying on the Contract and when the Defendants choose to breach the Contract.

86. All Defendants named knew the Plaintiff was relying on it.

87. All Defendants named knew the Plaintiff had a right to rely on it.

88. All Defendants named knew the Plaintiff was ignorant of their fraud scheme.

89. All Defendants named knew their acts were intended and did break the contract.

90. All Defendants named knew their acts would cause and did cause the Plaintiff damage.

91.   The Plaintiff and his business has suffered damages and will continue to suffer damages for that breach in an amount to be proven at trial.

92.   The state is liable for the city attorneys' acts, who in this case demonstrated an agency relationship.

93.   All Defendants named committed fraud or aided the fraud by knowing the contract existed when they played their part in defrauded the Plaintiff of the benefits he was entitled to.

94.   The city and state entities are liable for the acts taken by their attorneys in aiding and abetting the tortious conduct, the breach of contract, and the fraud.

95.   As a result of the Defendants' breach of good faith and fair dealing, aiding and abetting the tortious conduct, the breach of contract, and the fraud committed, inducing the Plaintiff to agree to it, then by breaching the contract, the Plaintiff suffered and continues to suffer damages and injuries, in an amount to be proven at trial.

96.   The State is vicariously liable for City's acts and vice versa.

97.   It is believed and therefore alleged; discovery will expose and uncover undisclosed agency relationships between the Defendants.

98.   The State and City by ignoring their responsibility when put on notice of wrongdoing by employees, agents, and third parties have failed to mitigate the damages in this case.

## RELIEFS

Wherefore Plaintiff demands judgment against Defendants, and each of them, as follows:

A.   For an award of damages for the torts described above and the aiding and abetting of those torts;

B.   Order Defendants pay the Plaintiff not less than $20,500,000 in lost business damages;

C.   Order punitive damages in an amount to be determined by a jury;

D.   Enter orders that can be used as a bases to reported to agencies with the authority to bring the lawless Defendants to justice and prevent other people from being so harmed;

E.   Enjoin the State from entering any future stipulated judgments without Federal oversight and, or third-party enforcement provisions included;

F.   Reverse all cases proven through discovery and supported to have been a sham by the Defendants and wrongfully used as just one more planned step by them to pull off the damages and destroy the Plaintiff's business expectancy;

G.    For an award of damages for the all other torts gleaned from the averments;

H.    For an award of damages from each defendant solely and severable committed as conspirators;

I.    The Plaintiff recover as damages all litigation expenses incurred as a result of Defendants' acts named above and those yet to be learned;

J.    That the Plaintiff recover general and compensatory damages;

K.    That the Plaintiff have and recover his costs incurred herein, including his reasonable attorney's fees and cost of suit; and

L.    Order any and all reliefs the Court determines to be just and proper once the full extent of the Defendants' lawless actions, lawless inactions, and lawless aiders and actors become exposed through discovery.


By signature below, the Plaintiff verifies the Complaint as true and formed from evidence and personal knowledge.

RESPECTFULL SUMITTED this 25th day of March, 2016,

*Gregory Best*
Gregory Best, pro per

ORIGINAL and one copy of the foregoing document filed on March 25, 2016 with:

United States District Court
For the District of Arizona
401 West Washington St.
Phoenix, AZ 85003

# EXHIBIT A

20100649896

FILED
6-18-2010 10:14am
MICHAEL K. JEANES, Clerk
By _M. Dalba_
Deputy

6/10

PAD / CPA
JUL 8 7 2010
RECEIVED

1  Terry Goddard
   Attorney General
2  Firm Bar No. 14000
   Robert A. Zumoff, State Bar No. 006517
3  Alyse C. Meislik, State Bar No. 024052
   Assistant Attorneys General
4  1275 West Washington Street
   Phoenix, Arizona 85007-2997
5  Telephone: (602) 542-7722
   Facsimile: (602) 542-4377
6  Consumer@azag.gov
   Attorneys for the State of Arizona
7

8        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9           IN AND FOR THE COUNTY OF MARICOPA

10  STATE OF ARIZONA, ex rel. TERRY        Case No.: CV2006-016293
    GODDARD, Attorney General,
11                                          STIPULATED JUDGMENT
              Plaintiff,
12                                          (Assigned to the Honorable Bethany Hicks)
        vs.
13  GREGORY ALLEN BEST,

14            Defendant.

15        Plaintiff State of Arizona, ex rel. Terry Goddard, Attorney General, having filed a Second

16  Amended Complaint alleging violations of the Arizona Consumer Fraud Act, A.R.S. § 44-1521

17  et seq., and the Arizona Racketeering Act, A.R.S. § 13-2301 et seq., Defendant Gregory Allen

18  Best ("Best"), having accepted service of the Complaint, having been fully advised of his right

19  to trial in this matter, and having waived that right, admits the jurisdiction of this Court over the

20  subject matter and parties for the purpose of entry of this Stipulated Judgment.

21                           STIPULATION

22      1.   The State of Arizona and Best have agreed to a voluntary compromise of disputed

23  claims.

24      2.   The State of Arizona and Best have agreed on a basis for the settlement of the

25  matters in dispute between them.

26

1

20100648896

3.    Best, by entering into this Stipulated Judgment, neither admits nor denies any allegations or claims made by the State of Arizona.

4.    The State of Arizona and Best agree that this Stipulated Judgment does not constitute an adjudication, evidence, or an admission by either party regarding any issue of fact or law with respect to the State of Arizona's claims or Best's defenses to the Second Amended Complaint.

5.    Best recognizes and states that this Stipulated Judgment is entered into voluntarily, without coercion or duress, and that no promises or threats have been made by the Arizona Attorney General's Office or any member thereof to induce Best to enter into this Stipulated Judgment.

6.    This Stipulated Judgment is entered as a result of a compromise and settlement agreement between the parties.  Except with respect to the contracts and properties as provided in paragraph 1 of the Court's Order, there are no intended third-party beneficiaries of this Stipulated Judgment, and it is not intended to have any affect on any litigation or dispute other than this case.

7.    The parties stipulate that the "Exclusive Purchase Option Contracts" listed in Appendix One will be terminated by Order of the Court.  The "Exclusive Purchase Option Contract" signed with Harold Elston, regarding 4027 S. 14th Street, will not be terminated pursuant to this Order.

8.    The parties agree that the stipulations and Order herein removes this case as a basis for a stay in any of the litigation set forth in Appendix Two attached hereto and incorporated by reference herein.

9.    The parties stipulate that all other "Exclusive Purchase Option Contracts" and "Amendments to Exclusive Purchase Option Contracts" referenced in the Second Amended Complaint in this matter have expired or were otherwise terminated or resolved either by agreement of the parties to the options or by court order.

2

20100648896

10.    The State of Arizona and Best hereby waive their right to move for a new trial or otherwise seek to set aside the Stipulated Judgment through any collateral attack, and further waive their right to appeal from the Stipulated Judgment. The State of Arizona and Best hereby agree to entry of the following Order.

### PARTIES

1.    Plaintiff is the State of Arizona, *ex rel.* Terry Goddard, Attorney General.

2.    Defendant is Gregory Allen Best.

### ORDER

NOW, THEREFORE, based upon the advice and stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:

1.    Terminating all contracts and all enforcements rights to the contracts, titled as "Exclusive Purchase Option Contract," previously recorded by Gregory Best, which are options to purchase the properties listed in the attached "Appendix One."

2.    Nothing in this Order shall prevent Mr. Best from proceeding with litigation in the cases set forth in the attached Appendix Two regarding enforcement of the Exclusive Purchase Option Contracts referenced therein. The dismissal with prejudice of the State's claims shall apply to the "Exclusive Purchase Option Contract" signed with Harold Elston regarding 4027 S. 14th Street.

3.    The State and Gregory Best shall each bear their own costs and attorney's fees, and the State of Arizona waives the sanctions awarded to it by the Court in its Order Granting Sanctions, signed on May 13, 2010.

///
///

3

20100648B96

4.    All claims by the State in its Second Amended Complaint are dismissed with prejudice.

DATED this ___ day of _____, 2010.

_____
JUDGE OF THE SUPERIOR COURT

JUDGE GEORGE H. FOSTER, JR.

4.

20100648896

## CONSENT TO JUDGMENT

Gregory Allen Best acknowledges that he has read the foregoing Stipulated Judgment and consents to entry of the foregoing Stipulated Judgment.

DATED this __9__ day of __June__, 2010.

_Gregory Best_
Gregory Allen Best

APPROVED AS TO FORM AND CONTENT:

TERRY GODDARD
Attorney General

By: _____
Robert A. Zumoff
Alyse C. Meislik
Assistant Attorneys General

By: _____
Cameron A. Morgan
Attorney for Defendant

836016

5

20100648896

## APPENDIX ONE

(Optionors in parentheses)

**PARCEL NO. 1:**
Real property and improvements known as 938 East Jones Avenue, Phoenix, Arizona 85040, legally described as:
The East 50 feet of the West 233 feet of Lot 38, MONTE VISTA ACRES PLAT "A", according to Book 22 of Maps, Page 36, records of Maricopa County, Arizona.
Assessor No. 113-19-021
(Frank Cortez and Darlene Cortez)

**PARCEL NO. 2:**
Real property and improvements known as 933 East Jones Avenue, Phoenix, Arizona 85040, legally described as:
The East 259 feet of Lot 24, Except the East 183 feet thereof, and the East 259 feet of the North 23 feet of Lot 22, Except the East 183 thereof, MONTE VISTA ACRES PLAT "A", according to Book 20 of Maps, Page 24, records of Maricopa County, Arizona.
Assessor No. 113-21-044C
(Luella Woolridge and Bethlyn Mosely)

**PARCEL NO. 3:**
Real property and improvements known as 825 East Jones Avenue, Phoenix, Arizona 85040, legally described as:
The East 10 feet of the West half and also the West 50 feet of the East half of Lot 31, MONTE VISTA ACRES PLAT "A", according to Book 20 of Maps, Page 24, records of Maricopa County, Arizona.
Assessor No. 113-20-041A
(David Torrez and Thelma Torrez)

**PARCEL NO. 4:**
Real property and improvements known as 936 East Jones Avenue, Phoenix, Arizona 85040, legally described as:
The East 50 feet of the West 183 feet of Lot 38, MONTE VISTA ACRES PLAT "A", according to Book 22 of Maps, Page 36, records of Maricopa County, Arizona.
Assessor No. 113-19-019
(Lupe Leyvas)

///

///

6

20100648896

PARCEL NO. 5:

Real property and improvements known as 945 East Illini, Phoenix, Arizona 85040, legally described as:

Lot 14, DEL SOL, according to Book 61 of Maps, Page 39, records of Maricopa County, Arizona.

Assessor No. 113-19-015

(Nellie Valle)

PARCEL NO. 6:

Real property and improvements known as 941 East Illini Street, Phoenix, Arizona 85040, legally described as:

Lot 13, DEL SOL, according to Book 61 of Maps, Page 39, records of Maricopa County, Arizona.

Assessor No. 113-19-014

(Lisa Carbajal)

PARCEL NO. 7:

Real property and improvements known as 4050 South 13th Street, Phoenix, Arizona 85040, legally described as:

The East 103.5 feet of Lot 8, CENTERGROVE TRACT, according to Book 18 of Maps, Page 7, records of Maricopa County, Arizona.

Assessor No. 113-25-009B

(Robert Warrick)

## APPENDIX TWO

Best v. Castillo, CV 2007-091867
Real Property located at 3808 S. 12th St, Phoenix, AZ

Best v. Warrick, Jackson and Foresight Investment, CV 2006-090128
Real Property located at 4043 S. 13th St. Phoenix, AZ

Best v. Fanniel, Jackson, Foresight Investment and Security Title, CV2005-092924
Real Property located at 4000 block S. 13th St. Phoenix, AZ

Best v. Josa Miranda, CV 2005-092817
Real Property located at 3615 S. 9th St. Phoenix, AZ

Best v. Arturo Miranda et al., CV2005-092816
Real Property located at 3619 S. 9th St. Phoenix, AZ

Best v. Garcia, CV2005-093565
Real Property located at 3655 S. 9th St. Phoenix, AZ

Best v. Barbara and Magdaleno Cortez et al., CV2008-000526
Real Property located at 946 E. Illini St. Phoenix, AZ

8

20100648896



Unofficial Document

The foregoing instrument is a full, true and correct copy
of the original on file in this office.
Attest  **JUL 2 3 2010**              20____
MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.
By_____ Deputy

RETURN TO
HELP

Unofficial
Document

After recording please return to:

Stephanie Paine
Arizona Attorney General's Office
1275 W. Washington Street
Phoenix, AZ 85007

## STIPULATED JUDGMENT

### CAPTION HEADING:

STATE OF ARIZONA *ex rel* TERRY GODDARD, ATTORNEY
GENERAL,

Plaintiff,

v.

GREGORY ALLEN BEST,

Defendant.

CV2010-012277

## DO NOT REMOVE

This is part of the official document

# EXHIBIT B

IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————

GREGORY BEST,
*Plaintiff/Appellant,*

*v.*

CITY OF PHOENIX,
*Defendant/Appellee.*

No. 2 CA-CV 2014-0153
Filed March 20, 2015

———————————

THIS DECISION DOES NOT CREATE LEGAL PRECEDENT AND
MAY NOT BE CITED EXCEPT AS AUTHORIZED BY APPLICABLE RULES.
NOT FOR PUBLICATION
*See* Ariz. R. Sup. Ct. 111(c)(1); Ariz. R. Civ. App. P. 28(a)(1), (f).

———————————

Appeal from the Superior Court in Maricopa County
No. CV2012-011437
The Honorable Douglas Gerlach, Judge

**AFFIRMED**

———————————

COUNSEL

Gregory Best, Phoenix
*In Propria Persona*

Berke Law Firm, PLLC, Phoenix
By Lori V. Berke and Jody C. Corbett
*Counsel for Defendant/Appellee*

BEST v. CITY OF PHOENIX
Decision of the Court

---

## MEMORANDUM DECISION

Judge Espinosa authored the decision of the Court, in which Presiding Judge Miller and Chief Judge Eckerstrom concurred.

---

E S P I N O S A, Judge:

¶1         Gregory Best appeals from the trial court's judgment entered in favor of the City of Phoenix (the City) after granting its motion to dismiss.  We conclude the trial court properly granted the City's motion because Best's complaint failed to state a claim upon which relief could be granted, and we therefore affirm.

### Factual and Procedural Background

¶2         In 2006, the state filed a lawsuit against Best for alleged violations of the Arizona Consumer Fraud Act and the Arizona Racketeering Act,[1] arising out of several real estate transactions during 2003 and 2004.  In June 2010, Best and the state agreed to settle the lawsuit pursuant to a stipulated judgment, which included a provision that it was "not intended to have any affect [sic] on any litigation or dispute other than th[at] case."

¶3         In 2011, Best filed a lawsuit against the state, the City, and others for wrongful institution of the 2006 lawsuit.   In his complaint, Best claimed the 2006 lawsuit "terminated in [his] favor." The defendants in that action filed a joint motion to dismiss for failure to state a claim, arguing Best could not succeed on his claim for wrongful institution of civil proceedings because it required him to prove he was successful in a previous lawsuit, and the 2006 lawsuit was "terminated because the parties agreed to a Stipulated Judgment."  A copy of that judgment was attached to the motion.  In response, Best argued the stipulated judgment was a termination in his favor.  After reviewing the terms of that judgment, the trial court concluded that the 2006 lawsuit did not terminate in Best's favor

---

[1]The City was not a party to the 2006 lawsuit.

BEST v. CITY OF PHOENIX
Decision of the Court

and, therefore, his complaint failed to state a claim upon which relief could be granted. Best appealed and this court affirmed the dismissal of his claim. *Best v. State ex rel. Horne*, No. 1 CA-CV 12-0145 (memorandum decision filed Apr. 16, 2013).

¶4        In August 2012, Best filed this civil action against the City and other defendants[2] for tortious interference with a contract, aiding and abetting tortious conduct, breach of contract, and fraud. Best's claims all arose out of the City's alleged improper use of the stipulated judgment in seeking dismissal of the 2011 lawsuit. In lieu of an answer, the City filed a motion to dismiss pursuant to Rule 12(b)(6), Ariz. R. Civ. P., arguing that Best's claims were barred by judicial privilege and res judicata, and that his complaint otherwise failed to state a claim upon which relief could be granted. With its motion, the City attached a copy of the stipulated judgment and copies of the pertinent motions and rulings from the 2011 lawsuit.

¶5        After oral argument, the trial court granted the City's motion. In its under advisement ruling, the court found: (1) Best's complaint failed to allege "a causal connection between the purportedly improper 'use' of the stipulated judgment and a compensable injury"; (2) Best, not the City, "put the stipulated judgment in issue in the 2011 lawsuit," and the City "had an unqualified right to prove that allegation false by asking the Court to analyze the outcome . . . by looking at the stipulated judgment"; (3) by "no reasonable interpretation" of the stipulated judgment's terms "[wa]s a party precluded from asking a court to look at [it] in another case"; and (4) Best was barred as a matter of law from pursuing his "misuse argument" because he had failed to argue in the 2011 lawsuit that "use of the stipulated judgment . . . was improper." The court also imposed attorney fees against Best pursuant to Rule 11(a), Ariz. R. Civ. P., as a sanction for filing the lawsuit, which the court characterized as "baseless litigation." Best

---

[2]The complaint also named the state, its attorneys, and several of its employees and the City's attorneys, none of whom are subject to this appeal.

3

BEST v. CITY OF PHOENIX
Decision of the Court

timely appealed,[3] and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## Discussion

¶6        Best argues the trial court erred in granting the City's motion to dismiss because his "complaint spelled out clear causes of action which if proven would entitle [him] to relief." He also asserts the court "erred by failing to recognize and enforce the stipulated judgment,"[4] and "by dismissing [the City] based on . . . personal speculation of how [he] could prevail in a non[-]adjudicated separate case."

¶7        In deciding a motion to dismiss for failure to state a claim, a court must determine whether the complaint, construed in the light most favorable to the plaintiff, adequately sets forth a valid claim. *Aldabbagh v. Ariz. Dep't of Liquor Licenses & Control*, 162 Ariz. 415, 417-18, 783 P.2d 1207, 1209-10 (App. 1989). If "matters outside the pleading" are presented, the motion must be treated as one for

---

[3]Though Best filed his notice of appeal prematurely before the trial court entered its final judgment, the appeal is nevertheless valid because the court had resolved all substantive issues before the notice was filed. *See Craig v. Craig*, 227 Ariz. 105, ¶ 13, 253 P.3d 624, 626 (2011) (notice of appeal filed in absence of final judgment not ineffective if no decision of court could change and only remaining task is ministerial). Here, the court stated it had "resolved all substantive issues prior to [Best] filing the notice," "the December 9, 2013[,] judgment merely reiterated the court's previous rulings," and the "motion to stay did not affect any of the underlying orders."

[4]Best fails to develop his argument that the trial court "fail[ed] to recognize and enforce the stipulated judgment." *Cf. Ritchie v. Krasner*, 221 Ariz. 288, 305, 211 P.3d 1272, 1289 (App. 2009) (opening briefs must present and address significant arguments, supported by authority setting forth appellant's position). We therefore deem the argument waived and do not address it. *See* Ariz. R. Civ. App. P. 13(a)(6) (each contention on appeal shall include citations to authorities, statutes, and parts of record relied on).

4

BEST v. CITY OF PHOENIX
Decision of the Court

summary judgment, Ariz. R. Civ. P. 12(b), except a complaint's exhibits, public records regarding matters in a complaint, and documents central to plaintiff's claim are not "outside the pleading," and courts may consider such documents without converting a Rule 12(b)(6) motion into one for summary judgment. *See ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, ¶ 7, 246 P.3d 938, 940 (App. 2010) (document attached to Rule 12(b) motion that is central to plaintiff's claim does not convert it to summary judgment motion); *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, ¶ 13, 226 P.3d 1046, 1050 (App. 2010) (Rule 12(b)(6) motion that presents public record document need not be treated as motion for summary judgment).

¶8        We review de novo a trial court's dismissal of a complaint for failure to state a claim. *See Coleman v. City of Mesa*, 230 Ariz. 352, ¶ 7, 284 P.3d 863, 866 (2012). "In doing so, we look only to the complaint, assuming the truth of all well-pled factual allegations and indulging all reasonable inferences"[5] in the plaintiff's favor. *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, ¶ 10, 322 P.3d 204, 207 (App. 2014). But we will uphold a dismissal when it is certain the plaintiff could not prove any set of facts entitling him to relief. *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 184 Ariz. 419, 424, 909 P.2d 486, 491 (App. 1995).

¶9        Best's complaint alleged generally that the City "induced and/or cooperated with the state to intentionally breach the Stipulated Judgment," with the "goal . . . to use that breach to prevent [him from] proceed[ing] in [his 2011 lawsuit], directly contradicting the [judgment]'s terms." Best also alleged he "ha[d] suffered as a result of the state and city breaking the [stipulated judgment]." Central to each of Best's claims against the City is the alleged breach of the stipulated judgment's terms. Therefore, if the act of presenting it to the court in the 2011 lawsuit did not breach its terms, Best's complaint necessarily fails because it alleged no other

---

[5]In our review, we also consider the language within the stipulated judgment, as it is intrinsic to Best's complaint. *See Belen Loan Investors, LLC v. Bradley*, 231 Ariz. 448, n.8, 296 P.3d 984, 991 n.8 (App. 2012).

BEST v. CITY OF PHOENIX
Decision of the Court

wrongdoing.  In essence, without the breach, each of Best's claims lacks its foundational premise.[6]

¶10        Best argues the stipulated judgment "provide[s] it would not be used to affect any other case," and by "join[ing] and permitt[ing] the City to use it to affect [the 2011 lawsuit]," the state breached the contract.  He also asserts that the judgment "stated it was not to be used as evidence," and the "State and City's Joint Motion to Dismiss . . . [wa]s an intentional breach of the [stipulated judgment]'s specified provisions and documented intentions."  The portions of the stipulated judgment Best relies upon read as follows:

> 4.  The State of Arizona and Best agree that this Stipulated Judgment does not constitute an adjudication, evidence, or an admission by either party regarding any issue of fact or law with respect to the State of Arizona's claims or Best's defenses to the Second Amended Complaint.
>
>         . . . .
>
> 6.  This Stipulated Judgment is entered as a result of a compromise and settlement agreement between the parties.  Except with respect to the contracts and properties as provided in paragraph 1 of the Court's

---

[6]Count one of the complaint alleged the City committed "tortious interference" by filing the joint motion to dismiss in the 2011 lawsuit "with knowledge of the [stipulated judgment]" "in a manner to induce the state to breach [it]."  "Counts 2, 3, [and] 4" were merged into one section alleging "the Defendants . . . breach[ed] the Contract" and the state aided and abetted the City's "tortious interference scheme" by filing the motion to dismiss, which "constitute[d] a fraud against [Best]."  It is unclear from the complaint whether Best intended to assert counts two, three, and four against the City, but in reviewing its sufficiency we assume he did.

6

BEST v. CITY OF PHOENIX
Decision of the Court

> Order, there are no intended third-party
> beneficiaries of this Stipulated Judgment,
> and it is not intended to have any affect
> [sic] on any litigation or dispute other than
> this case.[7]

¶11        The stipulated judgment also contains the following
orders:

> 1. Terminating all contracts and all
> enforcement rights to the contracts, titled as
> "Exclusive Purchase Option Contract,"
> previously recorded by Gregory Best,
> which are options to purchase the
> properties listed in the Attached Appendix
> One.[8]

> 2. Nothing in this Order shall prevent . . .
> Best from proceeding with litigation in the
> cases set forth in the attached Appendix
> Two regarding enforcement of the
> Exclusive Purchase Option Contracts
> referenced therein.[9]

¶12        The trial court employed general contract interpretation
principles in construing the stipulated judgment.[10]  *See In re Gen.*

---

[7]We refer to this portion of the stipulated judgment as "clause six."

[8]Appendix One listed seven properties for which Best previously had purchase option contracts.

[9]Appendix Two listed seven separate lawsuits Best had initiated against various defendants.

[10]The trial court properly concluded that summary judgment treatment was unnecessary because the stipulated judgment was central to Best's claim, *see ELM Ret. Ctr.*, 226 Ariz. 287, ¶ 7, 246 P.3d at 940, and the previous pleadings and motions were matters of

BEST v. CITY OF PHOENIX
Decision of the Court

*Adjudication of All Rights to Use Water In Gila River Sys. & Source*, 212 Ariz. 64, n.12, 127 P.3d 882, 890 n.12 (2006) (stipulated judgments construed as contracts). In doing so, it determined that the success or failure of Best's complaint "turn[ed] on the [plain meaning] of the word '[e]ffect.'"[11]  *See ELM Ret. Ctr.*, 226 Ariz. 287, ¶ 15, 246 P.3d at 941-42 (courts look to plain meaning of words in contract to determine parties' intent); *cf. Chandler Med. Bldg. Partners v. Chandler Dental Grp.*, 175 Ariz. 273, 277, 855 P.2d 787, 791 (App. 1993) (when contract terms are plain and unambiguous, interpretation is question of law for court).  After reviewing the stipulated judgment, the court concluded:

> [b]y no reasonable interpretation of t[he] word ["effect"] is a party precluded from asking a court to look at the stipulated judgment in another case, and that is even more true when, as here, Best's claim in the 2011 lawsuit could not have succeeded without looking at and interpreting that judgment.  Thus, the Complaint fails to allege that the [City] did anything impermissible.

¶13    Viewing the stipulated judgment as a whole, and considering the plain language of its provisions, *see ELM Ret. Ctr.*, 226 Ariz. 287, ¶ 15, 246 P.3d at 941-42, we agree that it does not preclude submission of the judgment as evidence in a separate lawsuit.  When the stipulated judgment was entered, Best was

---

public record, *see Strategic Dev. & Constr.*, 224 Ariz. 60, ¶ 13, 226 P.3d at 1050.

[11]In its ruling, the court assumed that the use of the word "affect" in clause six was a typographical error.  "Given the manner in which the relevant sentence was constructed in the stipulated judgment," the court determined "what was meant was 'effect,' as in X having no effect on Y."  The court concluded the "distinction between affect and effect, however, ha[d] no effect on, and d[id] not affect, the outcome here," and we agree.

8

BEST v. CITY OF PHOENIX
Decision of the Court

involved in multiple lawsuits with various defendants, seeking to enforce purchase option contracts, and there were several other contracts that Best had yet to litigate. The stipulated judgment specifically "[t]erminat[ed]," and thus "affect[ed]," his right to enforce the contracts listed in Appendix One. The orders contained within the stipulated judgment expressly provided, however, that it did not prevent him from proceeding with cases set forth in Appendix Two. Thus, the reasonable interpretation of clause six, in light of the related orders, is that the stipulated judgment was not intended to affect Best's ability to proceed with enforcement of any other contract, with the exception of those listed in the stipulated judgment or Appendix One. *See Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, ¶ 9, 218 P.3d 1045, 1050 (App. 2009) (we consider plain meaning of words in context of contract as a whole). But under no reasonable interpretation of that clause can it be concluded that it barred the City, or anyone for that matter, from offering the stipulated judgment in defense of separate litigation brought by Best involving that judgment. *See Chandler Med. Bldg. Partners*, 175 Ariz. at 277, 855 P.2d at 791 (courts apply standard of reasonableness in contract interpretation).

¶14        Nor does the stipulated judgment contain a prohibition against its use "as evidence" in future litigation. Instead, it states that it "does not constitute an adjudication, evidence, or an admission by either party regarding any issue of fact or law with respect to the State['s] . . . claims or Best's defenses to the [2006 lawsuit]." Plainly, the stipulated judgment was a compromise and settlement between the parties and, as such, was neutral as to the efficacy of the underlying claims or defenses. We therefore conclude that none of the defendants in the 2011 lawsuit breached the terms of the stipulated judgment by attaching it to their joint motion to dismiss.[12]

---

[12]For the sake of clarity, we note that Best's claim against the City for breach of contract necessarily fails because his complaint does not allege facts that establish the City was a party to the stipulated judgment, *cf. Goodman v. Physical Res. Eng'g, Inc.*, 229 Ariz. 25, ¶ 7, 270 P.3d 852, 855 (App. 2011) (to prevail on breach of

9

BEST v. CITY OF PHOENIX
Decision of the Court

¶15        Because no breach of the stipulated judgment occurred in this matter, and in light of the fact that the alleged breach was central to Best's contract and tort claims, we conclude the trial court did not err in finding that Best failed to state a claim upon which relief could be granted.[13]

**Attorney Fees on Appeal**

¶16        The City requests its attorney fees and costs on appeal[14] pursuant to Rule 25, Ariz. R. Civ. App. P., arguing that "Best's lawsuit against [it] was frivolous and his appeal of the dismissal of the lawsuit is likewise frivolous." "The line between an appeal which has no merit and one which is frivolous is very fine, and we exercise our power to punish sparingly." *Hoffman v. Greenberg*, 159 Ariz. 377, 380, 767 P.2d 725, 728 (App. 1988).  Although we cannot agree with Best that his "complaint spelled out clear causes of action which if proven would entitle [him] to relief," we cannot say it was totally baseless; we therefore decline to award the City its attorney fees.  The City is, however, entitled to an award of costs incurred on appeal upon its compliance with Rule 21, Ariz. R. Civ. App. P.  *See* A.R.S. § 12-341 (successful party to civil action shall recover all costs

---

contract claim, plaintiff must prove contract with defendant, defendant breached the contract, and plaintiff suffered damages as a result), or that the City was otherwise privy to the judgment, *see Samsel v. Allstate Ins. Co.*, 199 Ariz. 480, ¶ 14, 19 P.3d 621, 625 (App. 2001) ("Generally, privity of contract must exist before one may seek to enforce or defeat the contract."), *vacated on other grounds by Samsel v. Allstate Ins. Co.*, 204 Ariz. 1, 59 P.3d 281 (2002).

[13]Because we affirm the dismissal of Best's complaint on this basis, we need not address the complaint's remaining deficiencies. Nor do we consider Best's argument that the court "erred by dismissing [the City] based on . . . personal speculation of how [he] could prevail in a . . . separate case," as that argument challenges a separate basis for the court's ruling, which we need not reach.

[14]Best also requests costs in his reply brief but is not entitled to such an award because he is not the successful party on appeal.  *See* A.R.S. § 12-341.

BEST v. CITY OF PHOENIX
Decision of the Court

expended or incurred); *Skylar v. Town of Fountain Hills*, 220 Ariz. 449, ¶ 23, 207 P.3d 702, 708 (App. 2008).

## Disposition

**¶17**        For the foregoing reasons, the trial court's judgment dismissing Best's lawsuit against the City is affirmed.

# EXHIBIT C

FILED BY CLERK

MAY 01 2015

COURT OF APPEALS
DIVISION TWO

COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

M A N D A T E

2 CA-CV 2014-0153
Department B
Maricopa County
Cause No. CV2012-011437

RE: GREGORY BEST v. CITY OF PHOENIX

To:   The Superior Court of Maricopa County and the Hon. Douglas Gerlach, Judge, in relation to Cause No. CV2012-011437.

This cause was brought before Division Two of the Arizona Court of Appeals in the manner prescribed by law.  This Court rendered its Memorandum Decision and it was filed on March 20, 2015.

No Motion for Reconsideration or Petition for Review was filed and the time for filing such has expired.

NOW, THEREFORE, YOU ARE COMMANDED to conduct such proceedings as required to comply with the accompanying Memorandum Decision of this Court.

I, Jeffrey P. Handler, Clerk of the Court of Appeals, Division Two, hereby certify the accompanying Memorandum Decision (see link below) to be a full and accurate copy of the decision filed in this cause on March 20, 2015.

To view the decision, please click on the following link:
http://www.appeals2.az.gov/APL2Docs1/COA/572/2975733.pdf

DATED:  May 01, 2015

**JEFFREY P. HANDLER**
Clerk of the Court



2 CA-CV 2014-0153
Maricopa County Superior Court Number CV2012-011437

Copies to:

Gregory Best
P.O. Box 24152
Phoenix, AZ 85074

Lori V. Berke
BERKE LAW FIRM, PLLC
1601 N. 7th Street, Ste. 360
Phoenix, AZ 85006

Jody C. Corbett
BERKE LAW FIRM, PLLC
1601 N. 7th Street, Ste. 360
Phoenix, AZ 85006

Hon. Douglas Gerlach, Judge
Maricopa County Superior Court
18380 N. 40th Street
Phoenix, AZ 85032

Michael K. Jeanes
Clerk of the Court
Maricopa County Superior Court
601 W. Jackson
Phoenix, AZ 85003
(ORIGINAL MANDATE)


**NO RECORD TO RETURN**