UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gregory Best, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-839 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| State of Arizona, *et al.*, | ) | [Re: Motion at docket 28] |
| | ) | |
| Defendants. | ) | |
| | ) | |

# I.  MOTION PRESENTED

At docket 28, defendant City of Phoenix ("City") asks the court to enter an order declaring plaintiff Gregory Best ("Best") to be a vexatious litigant who should be required to obtain leave of court prior to "filing any further lawsuits in Federal Court against the City, the City's employees and the City's attorneys concerning his alleged property development efforts in the South Country Development, which have been the subject of five different lawsuits he previously filed in Arizona state courts and this court, as detailed below."[1]  At docket 30, defendants Berke Law Firm, PLLC, Lori Berke, and Jody Corbert join in the City's motion, saying only that the motion is well taken.  The other defendants–the State of Arizona, Arizona Attorney General Mark Brnovich, and several state court judges have not filed any papers relating to the motion.  Best, who is proceeding *pro se*, has not responded.

---

[1]Doc. 28 at p. 1.

## II.  DISCUSSION

Best's complaint in essence asked this court to review decisions made in and affirmed in the state courts of Arizona.  In their motion at docket 12, various defendants, including the State of Arizona, moved to dismiss Best's complaint for lack of subject matter jurisdiction, pointing out that Best's claims were "in effect, appeals of adverse state court orders."[2]  The moving defendants argued convincingly that "[t]here is neither diversity nor federal question jurisdiction."[3]  Best did not oppose the motion to dismiss.  Upon review, this court found merit in the motion to dismiss and dismissed the lawsuit for lack of subject matter jurisdiction.

City correctly points out that in certain circumstances federal courts have the authority to enter orders requiring screening of complaints filed by persons determined to be vexatious litigants.[4]  City's motion goes on to explain why, in the City's view, the requirements pertinent to a determination that Best is a vexatious litigant are met.  However, City does not address how this court can enter an order of any kind in a case in which the court lacks subject matter jurisdiction.[5]  The motion at docket 28 is DENIED.

DATED this 23d day of November 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[2]Doc. 12 at p. 1.

[3]*Id.* at p. 2.

[4]*Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir. 2007).

[5]In each of the cases cited by City there was subject matter jurisdiction.